## ASA WALKER *vs.* CITY OF WORCESTER.

A description, in a deed, of land granted as bounded "westerly on Park Street one hundred and fifty feet," does not amount to a covenant of the existence of a street of the same width as a street of that name, if such a street, though graded, and laid down upon a plan published by a former owner, has since been closed and ploughed up; but only to a covenant of the existence of a way of reasonable width. And after the admission of evidence, in favor of the grantee, that the grantor exhibited that plan at the time of the sale, the grantor's declarations, made at the same time, that he intended to open the street of a less width, and would not be bound by the plan, are admissible in his favor.

ACTION OF TORT for the disturbance of a right of way. At the trial in the court of common pleas, before *Mellen*, C. J., there was evidence of the following facts :

About 1836 Benjamin Butman, being the owner of a tract of land in Worcester, laid it out, for the purposes of sale, into lots and streets, graded the streets, and had a plan of the estate lithographed, exhibiting the lots and streets, one of which, sixty feet wide, was called Park Street, extending from Pleasant Street, an old highway, to another new street; and copies of this plan were distributed and publicly seen from that time until 1840, when, Butman having become insolvent, the land was sold by his assignees, and six acres thereof, including said Park Street, purchased by Isaac Davis. Davis erected a fence around the six acres, closed both ends of Park Street, ploughed up that part thereof which had been graded, sowed it, and afterwards mowed and used as a pasture part of the land, including this street. In April 1844 Davis conveyed to John Boyden a house lot, bounded northerly on Pleasant Street seventy five feet, easterly and southerly on the residue of this land, and " westerly on

Park Street one hundred and fifty feet; said John Boyden is to erect a good fence on the southerly line of said lot, and is not to erect any building on said lot within twelve feet of Pleasant or Park Streets." Davis, at the time of this conveyance, exhibited to Boyden Butman's plan. In June 1844 Boyden conveyed to the plaintiff, by a similar description. In 1845 Davis moved the fence on the westerly side of said Park Street, and graded said street anew, so as to reduce it to forty feet in width; and conveyed to the defendants, through mesne conveyances, the land on the west side of said street, opposite the plaintiff's lot, including the strip of twenty feet which he had thus inclosed. The defendants removed the fence on the west side of Park Street, and erected a more permanent fence instead thereof; and for the erection and continuance of this fence the plaintiff brought this action.

The defendants objected to the admission of evidence of the existence of a plan made by Butman of the premises, or of its exhibition by Davis to Boyden at the time of the sale to Boyden. But the court admitted it.

The defendants offered to prove by Davis that at the time of the sale to Boyden he informed Boyden that he would open Park street as a street forty feet wide, whenever requested, and that he did not intend to be bound by the plan. But the court rejected the evidence.

The jury, by direction of the court, returned a verdict for the plaintiff, and the defendants alleged exceptions.

*P. C. Bacon & C. Devens, Jr.* for the defendants, cited 4 Cruise Dig. (Greenl. ed.) *c.* 21, § 31, *note; Clap* v. *M'Neil,* 4 Mass. 589; *Parker* v. *Smith,* 17 Mass. 413; *Salisbury* v. *Andrews,* 19 Pick. 258; *Atkins* v. *Bordman,* 2 Met. 457; *Johnson* v. *Kinnicutt,* 2 Cush. 153; *Pride* v. *Lunt,* 19 Maine, 115.

*C. Allen & G. F. Hoar,* for the plaintiff, cited *Parker* v. *Smith,* 17 Mass. 413; *O'Linda* v. *Lothrop,* 21 Pick. 292; *Parker* v. *Framingham,* 8 Met. 260; *Sutherland* v. *Jackson,* 32 Maine, 80; *In re Thirty-second Street,* 19 Wend. 128; *In re Twenty-ninth Street,* 1 Hill, (N. Y.) 189; *In re Thirty-ninth Street,* 1 Hill, (N. Y.) 191.

By the Court.* The plaintiff claims to be entitled, by the terms of his deed from Boyden, and Boyden's deed from Davis, to a street on his westerly boundary sixty feet wide, being the width of Park Street as originally laid down on Butman's plan. The words of the deeds, "westerly on Park Street," would seem to imply that there was a street there of that name; and whether there was such a street in 1844, when these deeds were made, was a question for the jury.

In order to be a street, it must be open and appropriated, and adapted by the public or the owner for the purpose of travel, so that a person passing over it while it was open would not be liable for a trespass. If it had been once opened as a street by a former proprietor, but afterwards a large tract of land, including the street, had been sold as one parcel, and the street closed up, before any house lots were sold, (as on the evidence reported the jury must find,) then the deed amounted to an implied covenant, and a grant, if the grantor owned it, that the grantee should have a right to a convenient street and passage way. There would be nothing, in that case, to designate or limit the dimensions of the way thus granted by implication; but it must be presumed that some way was intended, for the purposes of passing, indicated by the use of the word street; and the law would imply a way, necessary and convenient to accommodate the grantee in the use of the land granted, to the extent granted, of one hundred and fifty feet.

If the exhibition of the plan by Davis to Boyden was admissible, by way of showing what the parties intended by the use of the term "Park Street" in the deed, it was in the nature of a representation; and declarations made at the same time, qualifying such representation, ought to have been admitted.

*New trial granted.*

---

* Thomas, J. did not sit in this case.